IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JAIME CASTELLANOS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1024−SMY |
| | ) | |
| JOHN E. RAMAGE, | ) | |
| CHEEKS, and | ) | |
| SHIELDS | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jaime Castellanos, an inmate at Big Muddy River Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred while he was incarcerated at Vienna Correctional Center. Plaintiff seeks damages, injunctive, and declarative relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: In September 2015, Plaintiff's family sent him approximately 80 pictures; 50 of which were confiscated by Defendant Cheeks. (Doc. 1, pp. 2-3). On October 22, 2015, Plaintiff filed a grievance regarding the confiscation, alleging that Cheeks was harassing him. *Id*.

Almost a year later, on September 8, 2016, Plaintiff was caught with contraband (a 20lb box of cheese). (Doc. 1, p. 3). As a result, his cell was shaken down by Defendant Ramage. *Id*. Plaintiff was later disciplined as a result of the cell shakedown because it revealed pictures and letters (among other contraband) that contained references to a prohibited Security Threat Group ("STG"). (Doc. 1, p. 4). The pictures at issue were the same pictures that Cheeks had permitted Plaintiff to keep a year earlier. *Id*.

Plaintiff asked Cheeks to tell Ramage that he had authorized the pictures, but Cheeks just said, "I'm not the one writing the ticket." *Id*. Plaintiff was ultimately disciplined with 3 months segregation time, 3 months revocation of good time, 3 months C-grade, 3 months phone

restriction, 3 months commissary restriction, 3 months recreation restriction, 6 months contact visit restriction, and a disciplinary transfer. (Doc. 1, pp. 5, 8, 19). Plaintiff wanted to call Cheeks as a witness at his disciplinary hearing to testify that he permitted Plaintiff to have the pictures, but Shields refused to call him because he wasn't the officer that wrote the ticket. (Doc. 1, p. 6).

## Discussion

Based on the allegations in the Complaint, the Court finds it appropriate to divide the Complaint into 3 Counts. The Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. None of Plaintiff's claims survive threshold review at this time:

> **Count 1 –** Ramage, Cheeks, and Shields violated Plaintiff's Eighth Amendment rights by depriving him of liberty when Ramage and Shields punished Plaintiff for photographs that Cheeks permitted;
>
> **Count 2 –** Shields deprived Plaintiff of his Due Process rights in violation of the Fourteenth Amendment by failing to call Cheeks as a witness at Plaintiff's disciplinary hearing;
>
> **Count 3 –** Cheeks retaliated against Plaintiff for filing grievances by failing to intervene with Ramage over the pictures Cheeks permitted Plaintiff to have in violation of the First Amendment.

### Counts 1 and 2

Plaintiff alleges that his Eighth Amendment rights were violated because the defendants deprived him of liberty, but the Eighth Amendment does not offer protection against deprivations of an individual's liberty interests; those rights are protected by the Due Process Clause, which Plaintiff also invokes. Rather, the Eighth Amendment protects against cruel and unusual punishment. It can be violated by conditions of confinement in prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial

of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

Plaintiff has not adequately alleged that he was deprived the minimal civilized measure of life's necessities by the Defendants' actions. He describes a list of privileges that he was allegedly denied, but inmates are not constitutionally entitled to any privileges beyond basic needs like food, medical care, sanitation, and physical safety. *Cunningham v. Eyman*, 17 F. App'x 449, 454 (7th Cir. 2001) (finding the plaintiff did not have a protectable interest in the loss of institutional privileges resulting from his demotion to C-grade status); *See also Pearson v. Ramos*, 237 F.3d 881, 885 (7th Cir. 2001) (denial of yard privileges does not violate the Eighth Amendment); *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) ("[A] prisoner who is denied a pack of playing cards or a television set has not set out a deprivation of constitutional dimensions . . ."). As Plaintiff does not allege that he suffered an objectively serious deprivation of life's necessities, he fails to state an Eighth Amendment claim.

Additionally, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the Complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010. In this case, it is apparent from the Complaint that both Counts 1 and 2 are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under the *Heck* doctrine, an inmate cannot maintain a civil rights action if a judgment in his favor would necessarily imply that his conviction was invalid. 512 U.S. at 487. A prison disciplinary finding is a conviction for purposes of *Heck* if an inmate loses good time credit as a

result of the proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). Thus, an inmate who challenges an essential finding of a disciplinary proceeding must see his case dismissed. *Id.*; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff alleges that he lost good time credit, thus triggering the application of *Heck*. His allegations go to an essential finding of the proceedings. Specifically, Plaintiff alleges that he never should have been disciplined at all for the photos. As such, He is challenging the initiation and manner by which he was disciplined. A finding that the defendants violated Plaintiff's rights when they chose to charge him with STG contraband or when they refused to call his witness would necessarily imply that the discipline imposed was invalid. *See Edwards*, 520 U.S. at 647 (*Heck* barred prisoner's claim that prison disciplinary committee refused to allow him to call witnesses); *Elcock v. Whitecotton*, 434 F. App'x 541, 543 (7th Cir. 2011) (prisoner could not challenge prosecution of disciplinary proceedings because such a claim was barred by *Heck*). Plaintiff's challenges go to an essential element of the disciplinary proceedings. Therefore Plaintiff's claims regarding the discipline are barred by *Heck v. Humphrey*, and he cannot bring them in an action until his good time credit is restored. Counts 1 and 2 are accordingly dismissed without prejudice.

**Count 3**

Plaintiff's retaliation claim asserted in **Count 3** is not barred by *Heck*. Unlike due process claims, a retaliation claim will survive, even where a plaintiff has no liberty or property interest in the privilege at issue. *Cunningham v. O'Leary*, 40 F. App'x 232, 235 (7th Cir. 2002). That said, Plaintiff has still failed to state a valid retaliation claim.

To succeed on a First Amendment retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, Plaintiff alleges that Cheeks retaliated against him by failing to intervene with Ramage over the pictures that Cheeks permitted Plaintiff to have, because Plaintiff filed a grievance against Cheeks a year prior to the events at issue in this lawsuit. The filing of a truthful grievance is protected speech. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015). However, there are several problems with Plaintiff's claim.

First, Plaintiff's grievance against Cheeks is too remote in time to support an inference of retaliation. *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 905 (7th Cir. 2005) (one-month period between protected activity and adverse action does not "create a triable issue"). Second, the actions that Plaintiff complains of in this lawsuit were not initiated or carried out by Cheeks, making it implausible that Cheeks was personally involved. Cheeks did not conduct a search of Plaintiff's cell, did not investigate the contraband found in Plaintiff's cell, and was not a part of the disciplinary committee that imposed sanctions on Plaintiff.

Plaintiff alleges that he wanted Cheeks to testify on his behalf, but he also alleges that Shields refused to call Cheeks because he was not the officer that wrote the disciplinary report. There is no allegation that Cheeks refused to testify on Plaintiff's behalf; the absence of his testimony is attributable to another actor. In fact, Plaintiff alleges that when he told Ramage in front of Cheeks that Cheeks allowed him to have the photos, Cheeks did not deny that fact. Plaintiff may have wished that Cheeks had taken his side more forcefully, but a tepid refusal to get involved in other officers' discipline of an inmate is not the type of conduct that would

objectively deter First Amendment activity. For these reasons, Plaintiff's retaliation claim against Cheeks fails to state a claim upon which relief can be granted.

**Pending Motions**

Plaintiff has moved the Court to appoint him counsel. (Doc. 3). A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e) (1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The Court finds that Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Plaintiff's Motion left the section blank that asks about his attempts to recruit counsel. The Court therefore presumes that Plaintiff has made no attempt to recruit counsel for this case on his own. As Plaintiff has failed to make his threshold showing, the Court will not recruit counsel for him at this time. Plaintiff's Motion is **DENIED**. (Doc. 3).

7

Plaintiff has also requested service of process at government expense. As the Court will not order service on any defendant at this time, Plaintiff's Motion is **MOOT**. (Doc. 4).

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** is **DISMISSED without prejudice** for failure to state a claim and as barred by *Heck v. Humphrey*. **Count 2** is **dismissed without prejudice** as barred by *Heck v. Humphrey*. Should Plaintiff wish to proceed on Counts 1-2, he must first seek restoration of his good time credit, and then file a new action. **Count 3** is **DISMISSED without prejudice** for failure to state a claim. Plaintiff's Motion for Recruitment of Counsel is **DENIED**. (Doc. 3). Plaintiff's Motion for Service of Process at Government Expense is **MOOT**. (Doc. 4).

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support **Count 3** only (on or before July 20, 2018). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including

dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: June 22, 2018**

                                                              s/ STACI M. YANDLE
                                                              United States District Judge